JUSTICE LEAPHART,
specially concurring.
¶36 I concur in the result reached by the Court but not in everything that is said in the Court’s opinion. In particular, I think that the Court overstates the obviousness of the value of the two doctors’ opinions. The underlying issue in this case is whether or not Taylor was guilty of defrauding the State Fund by claiming that he was injured on the job, March 4,1991, while picking up safety cones. According to other witnesses, Taylor gave other inconsistent explanations of the injury, e.g., that he was operating a jack hammer or that he slipped on some road oil. Although Dr. Johnson treated Taylor for his injuries and Dr. Traynham for his depression, neither doctor was a witness to the actual incident and thus neither could testify as to whether he was injured in the manner claimed or even injured on the job. As is typical in doctor-patient relationships, their information as to how the incident occurred was obtained second hand through Taylor whose credibility is the issue at hand. Nonetheless, as a treating physician, Dr. Johnson could at least have given an opinion as to whether the physical injuries he treated were consistent with the mechanics of the unwitnessed incident which Taylor claimed occurred. I agree that, to the extent Dr. Johnson’s opinion could have corroborated Taylor’s version of the events, it was important to his defense.
¶37 Dr. Traynham was a psychologist who had examined Taylor at the request of the State Fund and rendered an opinion that Taylor’s depression “is a function of both the underlying personality pattern and the work place stresses and injuries the claimant experienced....” His opinion that the depression was related to the work place injuries *73 assumes, of course, that Taylor was credible when he said he suffered the injuries in the work place. Dr. Traynham was not in a position to state whether the injuries actually occurred or were, in fact, work related. Unlike Dr. Johnson, he did have the benefit of objective findings with which he could corroborate Taylor’s credibility. In my view, the value of Dr. Traynham’s opinion was less than “obvious,” it was negligible.
¶38 Nonetheless, since this case involved a criminal charge of fraud, Taylor’s credibility was pivotal. Dr. Johnson could have indirectly bolstered Taylor’s credibility and thus Taylor was prejudiced by his unavailability. For that reason, I concur in the result reached by the Court.